04-1078ghmAndersonM&O.wpd

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| ROY L. ANDERSON, | § | |
| TDCJ-CID #483335, | § | |
|       Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-04-1078 |
| | § | |
| TEXAS BOARD OF PARDONS | § | |
| AND PAROLES, | § | |
|       Respondent. | § | |


## MEMORANDUM OPINION AND ORDER ON DISMISSAL

Petitioner Roy L. Anderson, a state inmate proceeding *pro se* and *in forma pauperis*, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, seeking immediate release from custody because his sentence has been fully discharged.  After considering the pleadings and the applicable law, the Court concludes that the petition must be dismissed without prejudice for failure to exhaust.

Petitioner was sentenced to twenty-five years incarceration in May, 1988.  He argues that with good time, work, and other prison credits, he has accumulated thirty-three years, three months, and fifteen days time credit toward his sentence, discharging his sentence in full.  Petitioner has no valid claim for immediate release based on the purported discharge of his sentence.  Under Texas state law, good time, work, and other non-flat time prison credits apply toward release to parole or mandatory supervision, not discharge of an inmate's sentence.  *See Ex parte Hallmark*, 883 S.W.2d 672, 674 (Tex. Crim. App. 1994)

(holding that good time credits apply only to an inmate's eligibility for parole or mandatory supervision and do not affect the length of the inmate's sentence).

However, given a liberal construction, petitioner's pleadings also claim entitlement to immediate release under the Texas mandatory supervision statutes.  Under 28 U.S.C. § 2254, a federal habeas petitioner must exhaust all available state remedies by presenting all of his habeas corpus claims fairly to the state's highest court before he may obtain federal habeas corpus relief.  *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999); *Sones v. Hargett*, 61 F.3d 410, 414 (5th Cir. 1995).  As shown by his petition and more definite statement, petitioner has not exhausted his administrative or state court remedies.  Petitioner alleges he filed a state habeas application regarding his time credits on December 26, 2003.  A review of the public records for the Texas Court of Criminal Appeals reveals that petitioner filed an unsuccessful motion for leave to file a mandamus proceeding on that date, not an application for habeas relief.  Petitioner fails to show that he has exhausted his available administrative and state remedies.

The federal courts are authorized to dismiss habeas corpus petitions without ordering a response where it plainly appears that the petitioner is not entitled to relief.  28 U.S.C. § 2243; Rule 4, Rules Governing Section 2254 Cases in the United States District Courts.  Because petitioner has not exhausted the instant claims, his petition will be dismissed.

Accordingly, habeas relief is **DENIED** and this case is **DISMISSED WITHOUT PREJUDICE**.  A certificate of appealability is **DENIED**.  Any and all pending motions are **DENIED AS MOOT**.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas, on July 5, 2006.

Gray H. Miller
United States District Judge

3